Brett Shainfeld (SBN: 245093)
brett@shainfeld-anvar.com
Jessica Anvar (SBN: 250610)
Jessica@shainfeld-anvar.com
12304 Santa Monica Blvd, Suite 221
Los Angeles, CA 90025
Telephone: (310) 442-1410
Facsimile:  (877) 566-8828

Attorneys for Plaintiffs,
DONNA RASKIN and LLOYD RASKIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA RASKIN, an individual, and LLOYD RASKIN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NAVIENT SOLUTIONS, INC., and DOES 1 – 10, inclusive, and each of them,<br><br>Defendants. | Case No.:<br>**VERIFIED COMPLAINT FOR VIOLATIONS OF:**<br><br>(1)   NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET. SEQ.]<br>(2)   WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET. SEQ.]<br>(3)   VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE §1788 ET. SEQ.]<br>(4)   INVASION OF PRIVACY<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs DONNA RASKIN and LLOYD RASKIN (hereinafter "Plaintiffs"), allege the following upon information and belief based upon personal knowledge:

## INTRODUCTION

1.     This is an action brought by individual consumers, Plaintiffs for violations

by NAVIENT SOLUTIONS, INC., formerly known as SALLIE MAE, INC., and DOES 1 through 10, inclusive (collectively "Defendant") of the Rosenthal Fair Debt Collection Practices Act, *Cal. Civil Code § 1788, et. seq.* ("RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

2.     Plaintiffs also bring this action seeking damages and any other available legal and equitable remedies resulting from the illegal actions of Defendant in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone in violation of the Telephone Consumer Protection Act, *47 U.S.C. § 227, et. seq*. ("TCPA").

3.     Ancillary to the claims above, Plaintiffs further allege claims for invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

4.     For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

5.     Jurisdiction of this Court arises pursuant to *28 U.S.C. § 1331*, *47 U.S.C. § 227(g)(2)*, and *28 U.S.C. § 1367* for supplemental state law claims.

6.     This action arises out of Defendant's violations of the following: the TCPA, *47 U.S.C. § 227*, and the RFDCPA, *Cal. Civil Code §§ 1788-1788.32*.

7.     Because Defendant does business within the State of California and a substantial portion of the acts giving rise to this action occurred here, personal jurisdiction is established.

8.     Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)*, in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## **PARTIES**

9.      Plaintiff, Donna Raskin, is a natural, adult person who resides in the City of Aliso Viejo, County of Orange, State of California, is allegedly obligated to pay a consumer debt, and is thus a "debtor" as that term is defined by *California Civil Code § 1788.2(h),* and a "person" as defined by *47 U.S.C. § 153(39).*

10.     Plaintiff, Lloyd Raskin, is a natural, adult person who resides in the City of Aliso Viejo, County of Orange, State of California, is allegedly obligated to pay a consumer debt, and is thus a "debtor" as that term is defined by *California Civil Code § 1788.2(h),* and a "person" as defined by *47 U.S.C. § 153(39).*

11.     Plaintiff Donna Raskin and Plaintiff Lloyd Raskin are married.

12.     Defendant, NAVIENT SOLUTIONS, INC., formerly known as SALLIE MAE, INC., is a foreign corporation registered under the laws of the State of Delaware.  Defendant's principal place of business is located at 2001 Edmund Halley Drive, Reston, Virginia 20191.

13.     In the ordinary course of business, regularly, on behalf of itself or other, Defendant engages in consumer debt collection and at all relevant times mentioned herein is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by *California Civil Code § 1788.2(f).*  Defendant regularly attempts to collect debts alleged to be due, and therefore, is a "debt collector" as defined by the RFDCPA, *California Civil Code § 1788.2(c)* and a "person" as defined by *47 U.S.C. § 153(39).*

14.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiffs will seek leave of Court to amend

the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

15.   Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

### A.   The Debt

16.   In or around 1996, Plaintiffs consolidated their individual student loan obligations with Sallie Mae, Inc. ("Debt") related to obtaining their Associate degree, Bachelor's degree and Master's degrees.  Plaintiffs were both signatories on the Debt.

17.   Because the financial obligation allegedly owed is from a natural person to another person, it is considered "debt(s)" as that term is defined by *California Civil Code §1788.2(d)*, and a "consumer debt" as that term is defined by *California Civil Code §1788.2(f)*.

18.   In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the RFDCPA, *California Civil Code §1788.2(c)*.  Defendant regularly engages in the collection of debt by telephone in several states, including California.

19.   Plaintiffs both collect permanent Social Security benefits due to their disabilities.

20.   As a result of their disabilities, in or about August 2013, Plaintiffs filed for the discharge of the Debt.

21.   On or about October 23, 2013, the Debt was discharged as a result of

1  Plaintiffs' total and permanent disability statuses.

2  **B.**   **Defendant Engages in Harassing, Deceptive and Abusive Tactics**

3  22.   Within the last year, Defendant contacted Plaintiffs in an attempt to collect
4  the Debt.

5  23.   Beginning in or around June 2013, Defendant placed calls to Plaintiffs on
6  their cellular telephone, (310) 367-5500 and their home phone ending in 9046
7  seeking to collect the Debt.

8  24.   On or about July 25, 2013, Plaintiffs wrote a letter to Defendant demanding
9  that Defendant refrain from further communications with them regarding the Debt.
10  Plaintiffs mailed the cease and desist communication letter by certified mail,
11  return receipt requested.

12  25.   Defendant received Plaintiffs' cease and desist communication letter shortly
13  thereafter. The Domestic Return Receipt was signed by Defendant.

14  26.   Despite Plaintiff's cease and desist communication letter, Defendant called
15  Plaintiff at an excessive and harassing rate, placing two to three calls per day,
16  multiple days per week for successive weeks in a row.

17  27.   Defendant placed repeated prerecorded calls to Plaintiffs on their cellular
18  telephone.

19  28.   At all times mentioned herein, Defendant called Plaintiffs on their cellular
20  telephone using an "automatic telephone dialing system," as defined by *47 U.S.C.*
21  *§ 227(a)(1),* and/or by using a prerecorded or artificial message to place its calls to
22  Plaintiffs on their cellular telephone to collect the Debt in violation of *47 U.S.C. §*
23  *227(b)(1)(A)(iii).*

24  29.   Often times, when Plaintiffs answered a call from Defendant on their
25  cellular telephone, they were met with a recording and there was not a person
26  available with whom Plaintiffs could speak.

27  30.   Defendant's calls constituted 'calls' that were not for emergency purposes
28  as defined by *47 U.S.C. § 227(b)(1)(A).*

31.     Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

32.     Upon information and belief, Plaintiffs never provided their cellular telephone number to Defendant or its agents and never provided their consent to Defendant or its agents to be contacted on their cellular telephone.

33.     Plaintiffs have never provided any personal information, including their cellular telephone number, to Defendants for any purpose whatsoever.

34.     Accordingly, Defendants never received Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial prerecorded voice on their cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

35.     The communications made by Defendant to Plaintiffs were false, deceptive, abusive and harassing in connection with the collection of the Debt.  In addition to violating the TCPA, Defendant's conduct violated the RFDPCA in multiple ways, including but not limited to:

        a.     Communicating, by telephone, with Plaintiffs with such frequency as to be unreasonable and to constitute harassment to Plaintiffs under the circumstances (*California Civil Code § 1788.11(e)*); Causing a telephone to ring repeatedly or continuously to annoy Plaintiffs (*California Civil Code § 1788.11(d)*);

        b.     Threatening Plaintiffs that nonpayment of Plaintiffs' debt may result in wage garnishment where such action was not in fact contemplated by the debt collector and permitted by the law (*California Civil Code* § 1788.10(e)).

**C.**     **Plaintiff Suffered Actual Damages**

36.      Plaintiffs have suffered and continue to suffer actual damages a result of Defendant's unlawful conduct.

37.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety,

emotional distress, fear, frustration and embarrassment.

38.     Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, et. seq.

39.     Plaintiffs repeat and incorporate by reference into this cause of action all of the above paragraphs of this Complaint as though fully stated herein.

40.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227, et. seq.*

41.     As a result of Defendant's negligent violations of *47 U.S.C. § 227, et. seq.*, Plaintiffs are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

42.     Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, et. seq.

43.     Plaintiffs repeat and incorporate by reference into this cause of action all of the above paragraphs of this Complaint as though fully stated herein.

44.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227, et. seq.*

45.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227, et. seq.*, Plaintiffs are entitled an award of $1,500.00 in statutory damages, for

1  each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. §*
2  *227(b)(3)(C)*.

3  46.    Plaintiffs are also entitled to and seek injunctive relief prohibiting such
4  conduct in the future.

## THIRD CAUSE OF ACTION

**Violation of the Rosenthal Fair Debt Collection Practices Act**

**California Civil Code § 1788, et. seq.**

8  47.    Plaintiffs repeat and incorporate by reference into this cause of action all of
9  the above paragraphs of this Complaint as though fully stated herein.

10  48.    The foregoing acts and omissions of Defendant constitutes numerous and
11  multiple violations of the RFDCPA, including but not limited to each and every
12  one of the above cited provisions of the RFDCPA, *California Civil Code § 1788,*
13  *et. seq.*

14  49.    As a result of Defendant's violations of the RFDCPA, Plaintiffs are entitled
15  to any actual damages pursuant to *California Civil Code § 1788.30(a)*; statutory
16  damages for a knowing or willful violation in the amount up to $1,000.00
17  pursuant to *California Civil Code § 1788.30(b)*; and reasonable attorney's fees
18  and costs pursuant to *California Civil Code § 1788.30(c)* from Defendant.

## FOURTH CAUSE OF ACTION

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

21  50.    Plaintiffs repeat and incorporate by reference into this cause of action all of
22  the above paragraphs of this Complaint as though fully stated herein.

23  51.    The Restatement of Torts, Second, § 652B defines intrusion upon seclusion
24  as, "One who intentionally intrudes . . . upon the solitude or seclusion of another,
25  or his private affairs or concerns, is subject to liability to the other for invasion of
26  privacy, if the intrusion would be highly offensive to a reasonable person."

27  52.    California further recognizes Plaintiffs' right to be free from invasions of
28  privacy, thus the Defendant violated California state law.

53.     Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing Plaintiffs with the aforementioned telephone calls.

54.     The telephone calls made by Defendant to Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second § 652B requirement for an invasion of privacy.

55.     The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

56.     As a result of the intrusions and invasions, Plaintiffs are entitled to actual damages in an amount to be determined at trial according to proof.

57.     All acts of Defendant were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227, et. seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)(1)*, Plaintiffs are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227, et. seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §*

*227(b)(1)*, Plaintiffs are entitled to and request treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

**Rosenthal Fair Debt Collection Practices Act**

**California Civil Code § 1788, et. seq.**

- As a result of Defendant's violations of *California Civil Code § 1788, et. seq.*, Plaintiffs are entitled to and request an award of actual damages pursuant to *California Civil Code § 1788.30(a),* in an amount subject to proof at trial.

- An award of statutory damages of $1,000.00, pursuant to *California Civil Code § 1788.30(b)*.

- An award of costs of litigation and reasonable attorney's fees, pursuant to *California Civil Code § 1788.30(c)*.

- Any and all other relief that the Court deems just and proper.

///
///
///
///
///
///
///
///
///
///
///
///

## FOURTH CAUSE OF ACTION

### Invasion of Privacy by Intrusion Upon Seclusion

- Plaintiffs are entitled to and request an award of actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasion of privacy, in an amount subject to proof at trial.
- Punitive damages.
- Any and all other relief that the Court deems just and proper.

Respectfully submitted this 27 day of June, 2014.

SHAINFELD & ANVAR, PC


By:_____
    JESSICA ANVAR
Attorneys for Plaintiffs

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiffs, DONNA RASKIN and LLOYD RASKIN, hereby demand a trial

3    by jury on all issues which may be tried by a jury.

4    Respectfully submitted this <u>27</u> day of June, 2014.

5

6                          SHAINFELD & ANVAR, PC

7

8                          By:_____

9                            JESSICA ANVAR
                           Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION OF COMPLAINT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a party to this action. I have read the foregoing COMPLAINT FOR DAMAGES and know it contents.

The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjry under the laws of the State of California that the foregoing is true and correct.

Executed this 27 day of June, 2014 at Aliso Viejo, California.

DONNA RASKIN, Plaintiff

## VERIFICATION OF COMPLAINT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a party to this action. I have read the foregoing COMPLAINT FOR DAMAGES and know it contents.

The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjry under the laws of the State of California that the foregoing is true and correct.

Executed this **17** day of June, 2014 at Aliso Viejo, California.

LLOYD RASKIN, Plaintiff